# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KIANA BOLLINGER, | CASE NO. 16cv820-WQH-BLM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| THE UNITED STATES OF AMERICA; ATLANTIC POWER CORPORATION; DOES 1 through 20, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by the United States of America. (ECF No. 7).

## I. Procedural Background

On April 6. 2016, Plaintiff Kiana Bollinger initiated this action by filing a Complaint against Defendants United States of America ("United States") and Atlantic Power Corporation ("Atlantic").[1] (ECF No. 1). On April 12, 2016, the Court appointed Jacqueline Bollinger as guardian ad litem. (ECF No. 4).

On October 3, 2016, the United States filed a motion to dismiss. (ECF No. 7). On October 20, 2016, Plaintiff filed a response. (ECF No. 8). On October 31, 2016, the United States filed a reply. (ECF No. 9).

On December 13, 2016, the United States filed a notice of new authority. (ECF

---

[1] Atlantic filed an Answer on December 20, 2016. (ECF No. 13).

1  No. 11). On December 14, 2016, Plaintiff filed a response to the notice of new
2  authority. (ECF No. 12).

## II. Allegations of the Complaint

Plaintiff alleges a cause of action for negligence and a cause of action for premises liability. (ECF No. 1). Plaintiff alleges "Defendant United States of America is a government entity engaged in . . . the administration of . . . 32nd Street Naval Base San Diego and the buildings structures and roadways incorporated in the operation of said facility." (ECF No. 1 at ¶ 4). Plaintiff alleges that Defendant Atlantic "owned, managed, controlled, maintained and operated a steam generating station on the Naval Base San Diego." *Id.* at ¶¶ 8-9. Plaintiff alleges that the steam generating station "produces steam which is carried out under the streets of the Naval Base past open steam grates at temperatures in excess of 250 degrees, and supplies steam and/or power to buildings and ships of the Naval Base and is responsible in some manner for the occurrence herein alleged." *Id.* at ¶ 9.

Plaintiff alleges that "Plaintiff and her mother had just parked their car a[t] the Naval Base San Diego and were in the process of walking from the parking space to the Base movie theater when Plaintiff, who was unaware of the temperature of the steam exiting out of the grate on the pavement of the parking lot, walked across the grate . . . ." *Id.* at ¶ 10. "Unbeknownst to Plaintiff . . . the grate was emitting steam with a temperature in excess of 250 degrees, resulting in Plaintiff sustaining severe and permanent injuries including but not limited to 2nd and 3rd degree burns on her feet requiring medical care and hospitalization." *Id.* at ¶ 12.

Plaintiff alleges that Defendants "owed a duty of due care . . . not to subject Plaintiff to an unreasonable risk of harm." *Id.* at ¶ 13. Plaintiff alleges that Defendants "otherwise allowed that certain grate to exist so as to create, cause and permit a dangerous and defective condition to exist that created a substantial risk to members of the general public utilizing the park." *Id.* at ¶ 14. Plaintiff alleges that Defendants "had a duty to provide to the public, specially the Plaintiff, a reasonably safe environment

while she was on the premises." *Id.* at ¶ 18. Plaintiff alleges that "Defendants . . . breached their duty of care owed to Plaintiff, in that they knew, or in the exercise of reasonable care, should have known, that by committing the acts and omissions alleged herein, Plaintiff, or a person similarly situated to Plaintiff would likely be subject to personal injuries." *Id.* at ¶ 19. Plaintiff alleges that she suffered injuries and incurred and will continue to incur medical expenses as a direct result of Defendants' conduct. *Id.* at ¶¶ 15-16, 20-21.

**III. Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Id.* at 679. "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## IV. Discussion

The United States contends that the Complaint should be dismissed for failure to state a claim because California's recreational use statute, California Civil Code section 846, bars the action. (ECF No. 7-1 at 4). The United States contends that the Complaint alleges that Plaintiff entered the naval base for the purpose of watching a movie at the Base movie theater. *Id.* at 7. The United States contends that watching a movie at a movie theater is a recreational purpose and section 846 immunizes the United States from liability unless a statutory exception applies. *Id.* at 6-7. The United States contends that Plaintiff fails to allege facts sufficient to claim any exception to recreational use immunity enumerated in section 846. *Id.*

Plaintiff contends that recreational use immunity cannot be determined on a motion to dismiss in this case because it is an affirmative defense and the purpose for which Plaintiff entered the property is a question of fact. (ECF No. 8). Further, Plaintiff contends that the application of any exceptions to recreational use immunity cannot be determined at this stage in the litigation. *Id.* at 8. Plaintiff contends that the Complaint does not allege facts to support the United States' assertion that Plaintiff entered the Base for the purpose of watching a movie. *Id.* at 9. Plaintiff contends that

the commercial purpose of the movie theater precludes application of the recreational use statute. *Id.* at 10. Plaintiff contends that "walking as a form of transportation" and "going to see a movie" are not recreational. *Id.* at 10-11.

"The Federal Tort Claims Act . . . authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *United States v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)). "The Federal Torts Claim Act makes the United States liable for negligence in the same manner and to the same extent as a private individual would be in similar circumstances." *Simpson v. U.S.*, 652 F.2d 831, 833 (9th Cir. 1981). California Civil Code section 846 applies to the United States in the same way it applies to private persons. *Id.*

California's recreational use statute "protects landowners and other interest-holders (landowners) from liability for negligence to those who enter or use their land for recreational purposes." *Mattice By & Through Mattice v. U.S., Dep't of Interior*, 969 F.2d 818, 820-21 (9th Cir. 1992). Pursuant to section 846,

> An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on those premises to persons entering for a recreational purpose, except as provided in this section.
>
> A "recreational purpose" as used in this section, includes activities such as fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, hang gliding, private noncommercial aviation activities, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites.

Cal. Civ. Code § 846. "The purpose of section 846 was to encourage landowners to let members of the general public use their land for recreational purposes." *Phillips v. United States*, 590 F.2d 297, 299 (9th Cir. 1979). However, the section does not limit the liability which otherwise exists

> (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purpose was granted for a consideration . . . ; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.

Cal. Civ. Code § 846.

"Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of a complaint." *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014); *see also Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense.") (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). The recreational use statute relied on by the United States provides a landowner with immunity when a person enters the land for a recreational purpose. *See* Cal. Civ. Code § 846. In this case, dismissal under Rule 12(b)(6) is only proper if the facts alleged in the Complaint show a recreational purpose for entering the Base that is a clear bar to relief on the face of the complaint.

The United States relies upon *Pangelinan v. United States of America, et al.*, No. 15-cv-1730-L-KSC (S.D. Cal. Dec. 2, 2016), in which a district court dismissed a complaint pursuant to Rule 12(b)(6) on the grounds of recreational use immunity. (Exhibit 1, ECF No. 11-1 at 2). In *Pangelinan*, the plaintiff alleged that he was attending a boot camp graduation at the Marine Corps Recruit Depot when the injury occurred. *Id.* at 3. The court found that a boot camp graduation ceremony is recreational in nature and falls within the scope of section 846. *Id.* Under these circumstances, the court determined that the recreational use statute was an obvious bar to relief on the face of the complaint.

In this case, Plaintiff alleges, "Plaintiff and her mother had just parked their car a[t] the Naval Base San Diego and were in the process of walking from the parking space to the Base movie theater." (ECF No. 1 at ¶ 10). Plaintiff alleges, "Plaintiff walked over an open steam grate located in the parking lot across from the Naval Base

movie theater." *Id.* at ¶ 12. Plaintiff's purpose for entering the Base and walking to the movie theater is not clear on the face of the Complaint. The facts alleged do not establish on the face of the Complaint that the recreational use statute applies and immunizes the United States from liability for Plaintiff's injuries.[2]

**V. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss filed by the United States is DENIED. (ECF No. 7).

DATED: January 13, 2017

**WILLIAM Q. HAYES**
United States District Judge

---

[2] In support of its contention that the consideration exception does not apply, the United States requests judicial notice of the following: "Admission to the Naval Base San Diego movie theater is free, as indicated on the website for the United States Navy, Navy Region Southwest, Fleet & Family Readiness Programs, located at http://navylifesw.com/sandiego/movies. A copy of the relevant webpage is attached hereto as Exhibit 1." (ECF No. 7-2). Plaintiff opposes the request for judicial notice on the grounds that information on a website is not capable of accurate and ready determination and that document is unauthenticated and therefore inadmissible. (ECF No. 8-1). Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). The Court concludes that it is unnecessary to address arguments regarding statutory exceptions to recreational use immunity because the application of the recreational use statute is not clear on the face of the Complaint. The request for judicial notice is denied. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").